UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BENJAMIN DANIEL DEHAAN and LIGHTHOUSE FINANCIAL PARTNERS, LLC,<br><br>Defendants | Civil Action File No.<br><br>1:12-CV-_____ |

**COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF**

The plaintiff, Securities and Exchange Commission ("Commission"), files this Complaint and alleges the following:

SUMMARY

1.  The Commission brings this action to enjoin violations of the federal securities laws by, and to obtain injunctive and other relief from, Defendants Benjamin Daniel DeHaan ("DeHaan") and his investment advisory company Lighthouse Financial Partners, LLC ("Lighthouse"). DeHaan has operated Lighthouse as his alter ego since 2007. This action is necessary to preserve assets

1

of the investors (Lighthouse's investment advisory clients) and to halt an ongoing fraud operated by DeHaan and Lighthouse.

2. Lighthouse is an investment adviser registered with the State of Georgia and owned and operated by DeHaan.

3. From approximately January 2011 through early May 2012, contrary to their representation to clients, DeHaan and Lighthouse have moved approximately $1.2 million from the custodial brokerage accounts of Lighthouse advisory clients to a bank account controlled by DeHaan (the "pass through" account), ostensibly to be used to open new accounts for them at another broker-dealer.

4. Defendants intermittently thereafter transferred funds from the "pass through" account to DeHaan's personal account or to pay various business expenses.

5. At least $600,000 of client funds transferred to the bank accounts are unaccounted for and appear to have been misappropriated.

6. During exams by representatives of both the Georgia Secretary of State's Office and the SEC, DeHaan attempted to conceal his conduct by providing falsified account statements and making false statements.

7. Emergency relief is necessary and justified to stop an ongoing fraud and to prevent the dissipation of investor/advisory client assets.

## VIOLATIONS

8. Defendants DeHaan and Lighthouse, by virtue of their conduct, directly or indirectly, have engaged and unless enjoined, will engage in violations of Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1),(2)].

## JURISDICTION AND VENUE

9. The Commission brings this action pursuant to Sections 209(d) and 209 (e) of the Advisers Act [15 U.S.C. §§ 80b-9(d)-(e)] to enjoin the defendants from engaging in the transactions, acts, practices and courses of business alleged in this Complaint, and transactions, acts, practices and courses of business of similar purport and object, for disgorgement of illegally obtained funds and other equitable relief, and for civil money penalties.

10. This Court has jurisdiction over this action pursuant to Section 214 of the Advisers Act [15 U.S.C. §80b-14].

11. Venue lies in this Court pursuant to Section 209 of the Advisers Act [15 U.S.C. § 80b-9], because certain of the transactions, acts, practices and courses of business constituting violations of the Advisers Act have occurred within the Northern District of Georgia. Moreover, DeHaan resides within the Northern District of Georgia and Lighthouse's principal place of business is located in the Northern District of Georgia.

## DEFENDANTS

12. Benjamin Daniel DeHaan, (CRD #4213868) 37 years of age, is the owner and president of Lighthouse and resides in Tucker, Georgia. He holds the Series 6, 63 and 65 securities licenses.

13. Lighthouse Financial Partners, LLC, (CRD #142816) is a Georgia limited liability company established in October 2007. Lighthouse's principal place of business is in Atlanta, Georgia and it is registered as an investment adviser with the State of Georgia. In its most recent Form ADV, Lighthouse claimed to have 51 client accounts, mostly in the names of individuals and approximately $5.9 million in assets under management.

14. The Form ADV for Lighthouse, filed in May 2012 represented that the firm had $2.7 million in assets under management as of December 31, 2011.

## FACTS

A. DeHaan and Lighthouse

15. Lighthouse is an investment adviser owned and operated by DeHaan and located in Atlanta, Georgia. The company advertises through its website and a series of videos posted there and on YouTube. In these media, DeHaan describes Lighthouse's active investment philosophy in which he attempts to capture the increases in various market indices while avoiding losses.

16.     DeHaan states in this media that his firm's core philosophy is to limit risk, and claims that he and others developed an algorithm in 1999 to determine when to exit stock positions.  DeHaan has now incorporated this algorithm into a proprietary trading platform which works to surround stock positions with rules to hold gains but sell if the positions are dropping in value or if the platform says so.

17.     The company's website claims that Lighthouse "has successfully outperformed it's [sic] benchmark goals since 2004," but provides no examples to support this claim.

18.     Until recently, DeHaan also owned Lighthouse Wealth Management (CRD #153951), an investment adviser registered with the State of Georgia that claimed in a Form ADV filed in 2011 to have thirty-four discretionary accounts with approximately $3 million in assets under management.  This entity appears to be defunct.  DeHaan has now moved most of the clients of Lighthouse Wealth Management to Lighthouse.

19.     DeHaan also owns Lighthouse Investment Consultants and has advised the Commission staff that the entity is a Georgia limited liability company.  However, this entity does not appear to be registered and may not be a legal entity.

20.     DeHaan has also established DeHaan Fund, LLC, ("DeHaan Fund") as a hedge fund.  Documents obtained by the staff indicate that the DeHaan Fund had approximately $2.7 million in assets under management as of December 31,

2011, and the same amount was listed in Lighthouse's Form ADV filed in May 2012.

21.     DeHaan claims to have been the only investor in the DeHaan Fund and that he personally invested $1.2 million, but later withdrew the funds in order to shut the investment down.

22.     When asked by the Commission staff to supply documentary evidence relating to the DeHaan Fund and its investors, DeHaan supplied a fictitious DeHaan Fund account statement purportedly from Interactive Brokers, LLC ("Interactive Brokers") which contained misspelled words and included the account number of one of his clients.

B.  <u>Lighthouse Provides False Information To Examiner from the State of Georgia</u>

23.     The Georgia Secretary of State's Office began an examination of Lighthouse in 2011 and received a production from that firm identifying TD Ameritrade, Inc. ("TD Ameritrade"), Pershing, LLC ("Pershing") and Interactive Brokers as the firms holding custody of the assets of Lighthouse's clients.

24.     A state examiner visited the firm's offices in January 2012 and requested, among other things, account statements for five clients whose assets

were reported by DeHaan to be custodied at TD Ameritrade.  DeHaan was unable to produce these at the time.

25. In February 2012, Lighthouse provided the Georgia examiner, via e-mail, a list of the company's clients which listed 114 client accounts and approximately $39 million in assets under management.  The e-mail also included purported copies of five TD Ameritrade annual account statements the Georgia examiner had requested during her visit.

26. Because these annual account statements did not contain all the information requested by the Georgia examiner, DeHaan later supplemented this production with quarterly TD Ameritrade statements for three of the five accounts and a cover letter in which he stated that he had not been able to provide these statements previously because TD Ameritrade had mistakenly given telephone numbers to Lighthouse that directed his requests to the company's support services for retail accounts rather than institutional ones.

27. DeHaan represented that this problem had been resolved and that he would have online access to his clients' account statements going forward.

28. The Georgia examiner concurrently attempted to verify the assets reported by Lighthouse in the company's February 22 client list with TD Ameritrade, Pershing and Interactive Brokers and discovered a number of

discrepancies between the information supplied by DeHaan and that from the broker-dealers, in particular because TD Ameritrade reported that none of the clients in the list supplied by Lighthouse had accounts custodied at the firm and that the account statement supplied by DeHaan were not genuine.

29. In fact, TD Ameritrade has never acted as the custodial broker-dealer for Lighthouse's clients.

30. Instead, DeHaan has a single TD Ameritrade account in his own name containing at least $250,000. The balance of that account has now been reportedly transferred to his attorneys' trust account.

31. The purported TD Ameritrade account statements DeHaan supplied to the Georgia examiner were fictitious. The account numbers were in a format that TD Ameritrade does not use, some of the statements are yearly ones--when TD Ameritrade issues monthly or quarterly statements. Moreover, one of the statements notes that TD Ameritrade clears its trades through Pershing. As the two firms are competitors, this representation was also false.

32. Pershing ran searches for all accounts associated with Lighthouse and DeHaan and found only six active accounts holding approximately $22,000 associated with these names. Most of these had not been included on the Lighthouse client list obtained by the Commission staff while a number of the

accounts on the list had in fact been closed and were listed with incorrect account numbers.

33. Interactive Brokers, which by all accounts was the firm where Lighthouse's assets under management were custodied, supplied a listing of approximately 100 client accounts affiliated with Lighthouse, including nine that were open and holding assets, but which were not listed on the client list supplied by Lighthouse to the Georgia examiner. The value of the assets under management for all of the Lighthouse accounts on the list supplied by Interactive Brokers was approximately $5.2 million.

34. DeHaan's representation to the State of Georgia in the February 2012 e-mail that Lighthouse had $39 million in assets under management was false. Documents and other information obtained from Interactive Brokers and Pershing show that Lighthouse had approximately $5.2 million in assets under management.

C. Defendants Appear to Have Misappropriated Client Funds

35. Between January 2011 and May 2012, Defendants transferred $1.2 million from the client accounts at Interactive Brokers to the "pass through" account, which is under DeHaan's control. DeHaan falsely told the firm's advisory clients he would use the funds to open TD Ameritrade custodial accounts for them.

36. Contrary to his representations to the Lighthouse clients, DeHaan never opened the custodial accounts at TD Ameritrade and substantial amounts of the funds were used for other business purposes of Lighthouse.

37. Defendants appear to have also deposited personal funds into the "pass through" account and to have transferred approximately $1.7 million from that account to a personal account or to other business accounts apparently to pay business expenses.

38. As of May 30, 2012, DeHaan has reportedly transferred approximately $600,000 for deposit into the trust account of his attorneys, which is reportedly being held for the benefit of Lighthouse advisory clients.

39. Based upon the discrepancy between the $1.2 million in client funds transferred into the "pass through" account and the $600,000 deposited into the attorney trust account, there appears to be, at a minimum, $600,000 of client funds that are unaccounted for.

40. In an apparent effort to conceal this fact from the Commission staff, DeHaan provided the staff with falsified bank account statements for the "pass through" account, consisting of monthly statements and aggregated statements covering several months. The staff concluded that the aggregated statements had

been falsified based on comparisons between them that revealed various mistakes and discrepancies.

41.     When advised of this problem, Counsel for the Defendants produced bona fide statements on June 5, 2012 which confirmed that DeHaan had falsified the earlier statements by deleting the entries showing details of incoming wire transfers from Interactive Brokers.  He also aggregated some of these wire transfers and recorded them as counter deposits.

42.     Lighthouse was at all relevant times an "investment adviser" within the meaning of Section 202(a)(11) of the Advisers Act [15 U.S.C. § 80b-2(a)(11)].

43.     DeHaan operated Lighthouse at all relevant times as his alter-ego.

## COUNT I—FRAUD BY INVESTMENT ADVISER
### Violations of Sections 206(1) and 206(2) of the Advisers Act
### [15 U.S.C. § §80b-6(1), (2)]

44.     Paragraphs 1 through 43 are hereby realleged and are incorporated herein by reference.

45.     DeHaan and Lighthouse, directly or indirectly, by the use of the mails or any means or instrumentality of interstate commerce: (a) have acted knowingly or recklessly, have employed devices, schemes, or artifices to defraud; and (b) have engaged in transactions, practices, or courses of business which operated as fraud or deceit upon a client or prospective client.

46. By reason of the transactions, acts, omissions, practices and courses of business set forth herein, Defendants DeHaan and Lighthouse have violated, and unless enjoined will violate Sections 206(1) and 206(2) of the Advisers Act [15 U.S.C. §§ 80b-6(1),(2)].

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Commission respectfully prays for:

I.

Findings of Fact and Conclusions of Law pursuant to Rule 52 of the Federal Rules of Civil Procedure, finding that the Defendants named herein committed the violations alleged herein.

II.

A temporary restraining order, preliminary and permanent injunctions enjoining all of the Defendants, their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the order of injunction, by personal service or otherwise, and each of them, whether as principals or as aiders and abettors, from violating, directly or indirectly, Sections 206(1) and 206(2) of the Advisers Act [15 U.S.C. §§ 80b-6(1), (2)].

III.

An order imposing an asset freeze on assets of the Defendants, requiring an accounting by the Defendants of the use of investor funds described in this Complaint, directing the Defendants not to destroy documents, as well as the disgorgement of all ill-gotten gains or unjust enrichment by Defendants.

IV.

An order directing the Defendants to pay prejudgment interest on the amount ordered to be disgorged, to effect the remedial purposes of the federal securities laws.

V.

The Commission seeks an order pursuant to Section 209(d) and 209(e) of the Advisers Act [15 U.S.C. §§ 80b-9(d)-(e)] imposing civil penalties against the Defendants.

VI.

Issue an Order that retains jurisdiction over this action in order to implement and carry out the terms of all orders and decrees that may have been entered or to entertain any suitable application or motion by the Commission for additional relief within the jurisdiction of this Court.

VII.

Grant such other and further relief as this Court may deem just, equitable, and appropriate in connection with the enforcement of the federal securities laws and for the protection of investors.

                        RESPECTFULLY SUBMITTED,

                        /s/Edward G. Sullivan
                        Edward G. Sullivan
                        Senior Trial Counsel
                        Georgia Bar No. 691140

                        /s/M. Graham Loomis
                        Regional Trial Counsel
                        Georgia Bar No. 457868

                        /s/Michael E. Mashburn
                        Michael E. Mashburn
                        Senior Investigations Counsel
                        Georgia Registration No. 475415

COUNSEL FOR PLAINTIFF
U. S. SECURITIES AND EXCHANGE COMMISSION
950 East Paces Ferry Road, N.E., Suite 900
Atlanta, Georgia 30326
(404) 842-7612 (Sullivan)
(404) 842-7622 (Loomis)
(404) 842-7632 (Mashburn)
sullivane@sec.gov