IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | |
| | : | |
| Plaintiff, | : | Civil Action File No. |
| | : | 1:12-CV-1996-TWT |
| v. | : | |
| | : | |
| BENJAMIN DANIEL DEHAAN AND LIGHTHOUSE FINANCIAL PARTNERS, LLC, | : | |
| | : | |
| Defendants. | : | |

**RECEIVER'S FINAL REPORT AND MOTION FOR ORDER: (A) APPROVING THE FINAL REPORT; (B) AUTHORIZING ABANDONMENT OR TURN OVER OF RECORDS HELD BY THE RECEIVER; (C) DISCHARGING AND RELEASING THE RECEIVER AND HIS PROFESSIONALS; (D) CLOSING THE RECEIVER ESTATE AND MEMORANDUM IN SUPPORT THEREOF**

S. Gregory Hays, the Receiver (the "Receiver") for Lighthouse Financial

Partners, LLC ("Lighthouse"), Defendant in the above captioned case, duly

appointed pursuant to an Order of this Court of July 2, 2012, (the "Appointment

Order"), by and through counsel, hereby files this Final Report (the "Final

Report") and Motion (the "Motion") for an order: (a) Approving the Final Report;

(b) Authorizing Abandonment or Turn Over of Records held by the Receiver; (c)

Discharging and Releasing the Receiver and his Professionals; and (d) Closing the

Receiver Estate (as defined in the Appointment Order) created incident to the entry

of the Appointment Order (the "Receivership").  A memorandum in support of the Motion is included herein.

The Receiver respectfully shows the Court as follows:

## I.  <u>Background</u>

1.  On June 9, 2012, the United States Securities & Exchange Commission (the "SEC") filed the above-styled civil action.

2.  On July 2, 2012, the Court entered the Appointment Order designating S. Gregory Hays as Receiver to administer the Receiver Estate.

3.  On March 18, 2016, the Receiver filed a Motion for Approval of the Proposed Plan for Administration of Claims and Distribution of Proceeds (the "Plan") and Memorandum of Law in Support Thereof. On June 29, 2016, an Order was entered approving the Plan of Administration of Claims and Distribution of Proceeds ("the "Plan Order").

4.  On March 18, 2016, the Receiver filed a Ninth and Final Application for Approval and Payment of Fees and Reimbursement of Costs (the "Final Fee Application") seeking authority to pay certain unpaid administrative expenses and final approval and allowance of all fees and expenses paid or to be paid to the Receiver and his professionals (the "Receiver Team"). An Order approving the Application was entered on June 29, 2016.

5.  On July 12, 2016, James C. Frenzel, PC filed a Notice of Withdrawal as counsel for the Receiver in this Case.  As announced to the Court during a hearing held on June 29, 2016, James C. Frenzel, the principal of that law firm, retired from the practice of law in July, 2016.  Henry F. Sewell, Jr. of the Law Offices of Henry F. Sewell, Jr., LLC has now entered an appearance as counsel for the Receiver and is filing this pleading as counsel for the Receiver.

6.  As further set forth herein, the activities of the Receivership have concluded and, in accordance with the Plan Order, all funds have been distributed. Accordingly, the duties, responsibilities and obligations of the Receiver have been substantially performed, the grounds for the Receivership no longer exist and the Receivership should be closed.

## II.  Memorandum in Support of Motion and Summary of Receivership Activities

7.  Prior to the filing of this Final Report, the Receiver filed four Interim Reports with the Court on August 31, 2012 (Doc. No. 23), March 15, 2013 (Doc. No. 48), February 10, 2014 (Doc. No. 42), and January 13, 2015 (Doc. No. 61).   In addition, the Receiver filed a "Status Report of Receiver and His Counsel" on March 28, 2016 (Doc. No. 101) (collectively, the "Interim Reports"). The Interim Reports detail the activities of the Receiver during time periods for which each Interim Report was filed.

8.  The Receiver has remained in communication with investors and advisory clients of Lighthouse known to the Receiver and has thus far supplemented the information supplied in the Interim Reports by: a) posting certain documents online at: http://haysconsulting.net/lighthouse-financial-partners/; and b) disseminating via electronic correspondence periodic updates regarding the status of the administration of the Receivership (the "Investor Updates"). Certain specific activities of the Receiver Team have also been the subject of other filings and hearings before this Court. Rather than re-state or repeat the information contained in the Interim Reports, Investor Updates, and other pleadings in the Receivership, these reports are incorporated herein by reference as part of the Receiver's Final Report.

9.  In accordance with the Plan Order, the Receiver has now made all distributions to investors and all checks issued to investors have cleared.  There are no further funds available in the Receivership Estate and no assets to administer or liquidate.

10. During the course of his administration, the Receiver recovered $1,189,894.65

for the benefit of investors.  The sources of this recovery are as follows:

| | |
|---|---|
| Berlin Wall Sale | $ 21,000.00 |
| Brass Door Pub Sale | $  5,000.00 |
| Clawback Claims | $112,000.00 |
| 4005 Franks Drive (1/2 Net Equity) | $ 11,148.44 |
| Frozen Bank Accounts | $ 50,295.58 |
| Frozen Brokerage Account | $ 95,195.38 |
| Other Receipts | $  1,459.79 |
| Page Perry Escrow Recovery | $669,241.34 |
| Return of Solicitor Fees | $  2,962.78 |
| Sale of Falcons Tickets | $  3,663.80 |
| Sale of Furniture, Fixture and Equipment | $    150.00 |
| Tennessee Property Sale - Net Proceeds[1] | $217,777.54 |

11. As set forth in prior reports, and upon based upon advice of counsel, the

Receiver pursued claims against former professionals of Lighthouse for

malpractice and breach of contract.  The Receiver attempted to settle these

claims through mediation, but was advised by counsel specially employed to

pursue these claims and the mediator present at the settlement conference to

reject the offers made at the mediation and to instead pursue these claims in

order to obtain a greater recovery.   Ultimately, these claims were dismissed

with prejudice by this Court and the dismissal was affirmed on appeal by the

Eleventh Circuit.  No recovery was had on these claims.  As reported to the

Court in the March 28, 2016 Status Report (Doc. No. 101), the Receiver Team

---

[1] Net proceeds received by the Receiver after payment of real estate commission, taxes, mortgage and closing costs.

voluntarily agreed to not seek compensation for approximately $250,000 of time and expenses incurred in pursuing this litigation.

12. The Receiver has now made all distributions authorized in the Plan Order and paid all professional compensation and expenses authorized by the Court. As of the filing of this Final Report and Motion, there is no further cash in the Receivership and no remaining assets to administer or liquidate. The following are the disbursements made by the Receiver during the course of this case which total $1,189,894.65. All fees paid to professionals were specifically approved by this Court:

| | |
|---|---|
| Administrative Expenses(Copy/Production/Etc.) | $    6,057.73 |
| Berlin Wall Storage, Insurance & Moving | $    4,683.66 |
| Data Preservation and Regeneration | $    8,400.00 |
| Federal & State Taxes | $  19,907.29 |
| Colvin Malkin & Ficken, LLC | $    6,519.63 |
| Hays Financial Consulting, LLC | $299,946.23 |
| James C. Frenzel, P.C. | $443,535.18 |
| Mercer Bullard | $    6,420.00 |
| S. Gregory Hays, Receiver | $131,357.46 |
| Tennessee Property Repairs/Maint./Sale Exp. | $  19,286.43 |
| Investors | $241,590.50 |
| Non-Investor Creditors | $    2,190.54 |

13. In addition to the assets of Lighthouse, the Receiver is also in possession of documents, books and paper and electronic records of Lighthouse. Since the administration of the Estate has been concluded, Receiver will no longer need any of the pre-receivership records, including significant amounts of

electronically-stored information ("ESI"). Accordingly, the Receiver seeks authority to destroy pre-receivership records, including ESI, in the possession of the Receiver.

14. The Receiver believes that he has filed all required tax returns which the Receiver would be obligated to file.  To the extent that the Receiver discovers or is informed that additional returns must be filed with tax reporting agencies after he is discharged, the proposed Order authorizes him to file such returns.

15. The Receiver has recovered and liquidated all available assets, investigated and pursued all possible claims and causes of action, distributed all cash proceeds as directed and authorized by this Court and has concluded all activities necessary to close and terminate the Receivership.

16. Receiver's counsel will serve this Final Report and Motion upon all counsel who have appeared in this case per the Certificate of Service included at the end of this pleading.  In addition, the Receiver shall post a copy of this Final Report and Motion on an internet web page at which he posts information about this case and shall also send this pleading via electronic mail to creditors and investors in the same manner as he has provided Investor Updates.  The Receiver submits that no further notice of this Final Report and Motion is required.

### III.   Conclusion

WHEREFORE, for the foregoing reasons, the Receiver respectfully requests that this Court enter an Order, substantially in the form as the proposed Order attached hereto as Exhibit "A" and incorporated herein by reference, that:

1. Deems notice of the Motion and the Final Report appropriate and in accordance with the prior orders of this Court.

2. Grants the Motion of the Receiver in its entirety.

3. Approves and confirms the Final Report of the Receiver and all actions and activities taken by or on behalf of the Receiver and all payments made by the Receiver in connection with the administration of the Receivership.

4. Authorizes the Receiver to abandon and destroy the electronic and paper records of Defendant Lighthouse and of any other related entities or businesses in the possession, custody or control of the Receiver if, within 30 days after service of this motion to the SEC, the Receiver has not been served with a written request by the SEC for the records or a subpoena by a law enforcement agency.   If during such 30-day period, the Receiver is served with a written request for the records by the SEC or subpoena by a law enforcement agency, the Receiver shall be authorized to turn over the original records to the SEC or a law enforcement agency in response to the request or subpoena. With regard to investor records in the possession of the

Receiver, defined as any records that contain information provided by an investor to make an investment in Lighthouse or a related entity, information about an investor resulting from any investment transaction by the investor with Lighthouse or a related entity, or information otherwise obtained by the Receivership in connection with any investment made by the investor in Lighthouse or a related entity ("Investor Records"), the Investor Records will be destroyed in the following manner: (a) paper documents containing Investor Records shall be burned, pulverized, or shredded so that the information cannot be read or reconstructed; and (b) electronic records or media containing Investor Records shall be destroyed or erased so that the information cannot be read or reconstructed.

5. Deems all assets not distributed or otherwise administered by the Receiver as of the closing of the Receivership to be abandoned.  Abandoned assets may be destroyed or discarded, without regard to title or value, in the sole and absolute discretion of the Receiver.

6. Orders that neither the Receiver nor any agent, employee, member, officer, independent contractor, attorney or representative of the Receiver shall have any liability to any person or entity for any action taken in good faith in connection with carrying out the administration of this Receivership and the exercise of any powers, duties and responsibilities in connection therewith.

7.  Orders that the Receiver and any agents, employees, members, officers, independent contractors, attorneys and representatives of the Receiver shall be fully: (a) discharged of all duties, responsibilities, obligations, and liabilities in connection with the administration of the Receivership and from any other obligation imposed by the Appointment Order or any other orders of the Court; (b) released from any and all claims and liabilities arising out of and/or pertaining to the Receivership; and (c)  relieved of all liabilities, duties and responsibilities pertaining to the Receivership.

8.  Approves all administrative fees and expenses incurred and paid in this Receivership proceeding, including the fees and expenses of the Receiver and those of any professionals of the Receiver incurred in connection with the Receivership.

9.  Authorizes the Receiver, by and through his tax professionals, to prepare and submit any tax returns for the Receivership as the Receiver determines to be necessary or appropriate.

10. Indicates that the Court shall retain jurisdiction over any and all matters relating to the Receiver and the Receivership, including any matters relating to the distribution of funds received by the Receiver in connection with the obligations of the Receiver or otherwise received after the Receivership is closed.  To the extent that any dispute arises concerning the administration

of the Receivership or to the extent that any person or entity seeks to pursue or assert any claim or action against the Receiver or any agent, employee, member, officer, independent contractor, attorney or representative of the Receiver, arising out of or related to this Receivership, the Court shall retain jurisdiction to hear and resolve any such dispute or claim.

11. Terminates and closes the Receivership.

12. Grants the Receiver such other and further relief as is just and proper.

Respectfully submitted, this 1st day of December, 2016.

*S. Gregory Hays, Receiver*
S. Gregory Hays, Receiver for Lighthouse
Financial Partners, LLC, Defendant

Hays Financial Consulting, LLC
3343 Peachtree Road NE, Suite 200
Atlanta, GA 30326
ghays@haysconsulting.net
(404) 926-0051

LAW OFFICES OF HENRY F. SEWELL JR., LLC

*/s/ Henry F. Sewell, Jr.*
Henry F. Sewell, Jr.
Georgia Bar No. 636265
Counsel for the Receiver

Law Offices of Henry F. Sewell, Jr.
Suite 200, 3343 Peachtree Road NE
Atlanta, GA 30326
(404) 926-0053
hsewell@sewellfirm.com

Exhibit "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | |
| | : | |
| | : | |
| Plaintiff, | : | Civil Action File No. |
| | : | 1:12-CV-1996-TWT |
| v. | : | |
| | : | |
| BENJAMIN DANIEL DEHAAN AND LIGHTHOUSE FINANCIAL PARTNERS, LLC, | : | |
| | : | |
| | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

**ORDER APPROVING RECEIVER'S FINAL REPORT AND GRANTING
MOTION FOR ORDER: (A) APPROVING THE FINAL REPORT;
(B) AUTHORIZING ABANDONMENT OR TURN OVER OF RECORDS
HELD BY THE RECEIVER; (C) DISCHARGING AND RELEASING THE
RECEIVER AND HIS PROFESSIONALS; AND (D) CLOSING THE
RECEIVER ESTATE**

This matter came before the Court on the Motion (the "Motion") of S.

Gregory Hays, the Receiver (the "Receiver") for Lighthouse Financial Partners,

LLC, ("Lighthouse") Defendant in the above captioned case, duly appointed

pursuant to an Order of this Court of July 2, 2012, (the "Appointment Order"), in

connection with the Receiver's Final Report (the "Final Report") and Motion (the

"Motion") for an order: (a) Approving the Final Report; (b) Authorizing Abandonment or Turn Over of Records held by the Receiver; (c) Discharging and Releasing the Receiver and his Professionals; and (d) Closing the Receiver Estate.

After thorough consideration of the Motion, the Final Report of the Receiver, the record, facts and circumstances related to the Receivership, this Court finds that sufficient notice of the Motion has been given and that the approval of the Motion is in the best interests of the Receiver Estate, the investors and creditors of Lighthouse, and all parties in interest. Accordingly, for good cause shown, and without the necessity of further notice or hearing, it is hereby ORDERED and ADJUDGED that:

1. Notice of the Motion is deemed appropriate and in accordance with the prior orders of this Court.

2. The Motion of the Receiver is granted in its entirety.

3. Approval of Final Report and Accounting. The Final Report of the Receiver is approved, and all actions and activities taken by or on behalf of the Receiver and all payments made by the Receiver in connection with the administration of the Receivership are hereby approved and confirmed.

4. Destruction of Records. The Receiver is authorized to abandon and destroy the electronic and paper records of Lighthouse and of any other related entities or businesses in the possession, custody or control of the Receiver if,

within 30 days after service of written notice to the Securities and Exchange Commission (the "SEC"), the Receiver has not been served with a written request by the SEC for the records or a subpoena by a law enforcement agency.  If during such 30-day period, the Receiver is served with a written request for the records by the SEC or subpoena by a law enforcement agency, the Receiver shall be authorized to turn over the original records to the SEC or a law enforcement agency in response to the request or subpoena.  With regard to investor records in the possession of the Receiver, defined as any records that contain information provided by an investor to make an investment in Lighthouse or a related entity, information about an investor resulting from any investment transaction by the investor with Lighthouse or a related entity, or information otherwise obtained by the Receivership in connection with any investment made by the investor in Lighthouse or a related entity ("Investor Records"), the Investor Records are to be destroyed in the following manner: (a) paper documents containing Investor Records shall be burned, pulverized, or shredded so that the information cannot be read or reconstructed, and (b) electronic records or media containing Investor Records shall be destroyed or erased so that the information cannot be read or reconstructed.

5. <u>Abandonment of Assets</u>. All assets not distributed or otherwise administered by the Receiver as of the closing of the Receivership are deemed abandoned. Abandoned assets may be destroyed or discarded, without regard to title or value, in the sole and absolute discretion of the Receiver.

6. <u>Discharge</u>. Neither the Receiver nor any agent, employee, member, officer, independent contractor, attorney or representative of the Receiver shall have any liability to any person or entity for any action taken in good faith in connection with carrying out the administration of this Receivership and the exercise of any powers, duties and responsibilities in connection therewith. Effective upon the completion of the final distribution of funds maintained in the Receivership and filing of the Final Report, the Receiver and any agents, employees, members, officers, independent contractors, attorneys and representatives of the Receiver are fully: (a) discharged of all duties, responsibilities, obligations, and liabilities in connection with the administration of the Receivership and from any other obligation imposed by the Appointment Order or any other orders of the Court; (b) released from any and all claims and liabilities arising out of and/or pertaining to the Receivership; and (c) relieved of all liabilities, duties and responsibilities pertaining to the Receivership.

7. <u>Administrative Fees and Expenses</u>. All receivership administrative fees and expenses incurred and paid in this Receivership proceeding, including the fees and expenses of the Receiver and those of any professionals of the Receiver.

8. <u>Final Distribution</u>. All distribution checks have cleared the Receiver's bank account and the estate has no funds remaining.

9. <u>Outstanding Tax Returns.</u> The Receiver, by and through his tax professionals, may prepare and submit any tax returns for the Receivership as the Receiver determines to be necessary or appropriate.

10. <u>Jurisdiction</u>. This Court shall retain jurisdiction over any and all matters relating to the Receiver and the Receivership, including any matters relating to the distribution of funds received by the Receiver in connection with the obligations of the Receiver or otherwise received after the Receivership is closed.  To the extent that any dispute arises concerning the administration of the Receivership or to the extent that any person or entity seeks to pursue or assert any claim or action against the Receiver or any agent, employee, member, officer, independent contractor, attorney or representative of the Receiver, arising out of or related to this Receivership, the Court shall retain jurisdiction to hear and resolve any such dispute or claim.

11. The Receivership shall be deemed closed and terminated upon the entry of the Order.

IT IS SO ORDERED, this _____ day of _____, 201_.

_____
Judge Thomas W. Thrash
United States District Court
Northern District of Georgia, Atlanta Division

## CERTIFICATE OF COMPLIANCE

This is to certify that to the best of my knowledge this document has been prepared with one of the font and point selections approved by the Court in LR 5.1B, pursuant to LR 7. Specifically, the above-mentioned document has been prepared using Times New Roman font, 14 point.

This the 1st day of December, 2016.

LAW OFFICES OF HENRY F. SEWELL JR., LLC

*/s/ Henry F. Sewell, Jr.*
Henry F. Sewell, Jr.
Georgia Bar No. 636265
Counsel for the Receiver

Law Offices of Henry F. Sewell, Jr.
Suite 200, 3343 Peachtree Road NE
Atlanta, GA 30326
(404) 926-0053
hsewell@sewellfirm.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | |
| | : | |
| | : | |
| Plaintiff, | : | Civil Action File No. |
| | : | 1:12-CV-1996-TWT |
| v. | : | |
| | : | |
| BENJAMIN DANIEL DEHAAN AND LIGHTHOUSE FINANCIAL PARTNERS, LLC | : | |
| | : | |
| | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a true and correct copy of the

within and foregoing Final Report and Motion in a sealed envelope by first class

mail with postage adequate to insure delivery to the parties indicated below:

Edward G. Sullivan, Esq.
U.S. Securities and Exchange Commission
950 East Paces Ferry Road, NE
Suite 900
Atlanta, GA  30326

S. Gregory Hays, Receiver
Hays Financial Consulting, LLC
3343 Peachtree Road, NE, Suite 200
Atlanta, GA 30326

Howard J. Weintraub, Esq.
Benjamin B. Alper, Esq.
Counsel for Benjamin Daniel DeHaan
Law Offices of Howard J. Weintraub, P.C.
1355 Peachtree Street, NE, Suite 1250
Atlanta, GA 30309

Christine L. Mast, Esq.
Matthew G. McLaughlin, Esq.
Counsel for Page Perry, LLC
Hawkins Parnell Thackston & Young, LLP
4000 SunTrust Plaza
303 Peachtree Street NE
Atlanta, Georgia 30308-3243

Joseph D. Wargo, Esq.
Counsel for Anatoliy Melamud
Wargo French
999 Peachtree Street NE, 26th Floor
Atlanta, Georgia 30309

James C. Frenzel, Esq.
James C. Frenzel, PC
8985 Huntcliff Trace
Sandy Springs, GA 30350

This the 1st  day of December, 2016.

LAW OFFICES OF HENRY F. SEWELL JR., LLC

*/s/ Henry F. Sewell, Jr.*
Henry F. Sewell, Jr.
Georgia Bar No. 636265
Counsel for the Receiver

Law Offices of Henry F. Sewell, Jr.
Suite 200, 3343 Peachtree Road NE
Atlanta, GA 30326
(404) 926-0053
hsewell@sewellfirm.com