IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,                                   :
                                              :
                                              :
                Plaintiff,                    :        Civil Action File No.
                                              :        1:12-CV-1996-TWT
v.                                            :
                                              :
BENJAMIN DANIEL DEHAAN AND                    :
LIGHTHOUSE FINANCIAL                          :
PARTNERS, LLC,                                :
                                              :
                Defendants.                   :
_____:

**ORDER APPROVING RECEIVER'S FINAL REPORT AND GRANTING
MOTION FOR ORDER: (A) APPROVING THE FINAL REPORT;
(B) AUTHORIZING ABANDONMENT OR TURN OVER OF RECORDS
HELD BY THE RECEIVER; (C) DISCHARGING AND RELEASING THE
RECEIVER AND HIS PROFESSIONALS; AND (D) CLOSING THE
<u>RECEIVER ESTATE</u>**

This matter came before the Court on the Motion (the "Motion") of S.

Gregory Hays, the Receiver (the "Receiver") for Lighthouse Financial Partners,

LLC, ("Lighthouse") Defendant in the above captioned case, duly appointed

pursuant to an Order of this Court of July 2, 2012, (the "Appointment Order"), in

connection with the Receiver's Final Report (the "Final Report") and Motion (the

"Motion") for an order: (a) Approving the Final Report; (b) Authorizing

Abandonment or Turn Over of Records held by the Receiver; (c) Discharging and

Releasing the Receiver and his Professionals; and (d) Closing the Receiver Estate.

After thorough consideration of the Motion, the Final Report of the Receiver, the record, facts and circumstances related to the Receivership, this Court finds that sufficient notice of the Motion has been given and that the approval of the Motion is in the best interests of the Receiver Estate, the investors and creditors of Lighthouse, and all parties in interest. Accordingly, for good cause shown, and without the necessity of further notice or hearing, it is hereby ORDERED and ADJUDGED that:

1. Notice of the Motion is deemed appropriate and in accordance with the prior orders of this Court.

2. The Motion of the Receiver is granted in its entirety.

3. Approval of Final Report and Accounting. The Final Report of the Receiver is approved, and all actions and activities taken by or on behalf of the Receiver and all payments made by the Receiver in connection with the administration of the Receivership are hereby approved and confirmed.

4. Destruction of Records. The Receiver is authorized to abandon and destroy the electronic and paper records of Lighthouse and of any other related entities or businesses in the possession, custody or control of the Receiver if, within 30 days after service of written notice to the Securities and Exchange Commission (the "SEC"), the Receiver has not been served with a written request by the SEC for the records or a subpoena by a law enforcement

agency.  If during such 30-day period, the Receiver is served with a written request for the records by the SEC or subpoena by a law enforcement agency, the Receiver shall be authorized to turn over the original records to the SEC or a law enforcement agency in response to the request or subpoena.  With regard to investor records in the possession of the Receiver, defined as any records that contain information provided by an investor to make an investment in Lighthouse or a related entity, information about an investor resulting from any investment transaction by the investor with Lighthouse or a related entity, or information otherwise obtained by the Receivership in connection with any investment made by the investor in Lighthouse or a related entity ("Investor Records"), the Investor Records are to be destroyed in the following manner: (a) paper documents containing Investor Records shall be burned, pulverized, or shredded so that the information cannot be read or reconstructed, and (b) electronic records or media containing Investor Records shall be destroyed or erased so that the information cannot be read or reconstructed.

5.  Abandonment of Assets. All assets not distributed or otherwise administered by the Receiver as of the closing of the Receivership are deemed abandoned. Abandoned assets may be destroyed or discarded, without regard to title or value, in the sole and absolute discretion of the Receiver.

6.  Discharge. Neither the Receiver nor any agent, employee, member, officer, independent contractor, attorney or representative of the Receiver shall have any liability to any person or entity for any action taken in good faith in connection with carrying out the administration of this Receivership and the exercise of any powers, duties and responsibilities in connection therewith. Effective upon the completion of the final distribution of funds maintained in the Receivership and filing of the Final Report, the Receiver and any agents, employees, members, officers, independent contractors, attorneys and representatives of the Receiver are fully: (a) discharged of all duties, responsibilities, obligations, and liabilities in connection with the administration of the Receivership and from any other obligation imposed by the Appointment Order or any other orders of the Court; (b) released from any and all claims and liabilities arising out of and/or pertaining to the Receivership; and (c) relieved of all liabilities, duties and responsibilities pertaining to the Receivership.

7. <u>Administrative Fees and Expenses</u>. All receivership administrative fees and expenses incurred and paid in this Receivership proceeding, including the fees and expenses of the Receiver and those of any professionals of the Receiver previously approved by this Court and paid by the Receiver, are hereby finally approved and confirmed as expenses of the Receivership.

8. <u>Final Distribution</u>. All distribution checks have cleared the Receiver's bank account and the estate has no funds remaining.

9. <u>Outstanding Tax Returns.</u> The Receiver, by and through his tax professionals, may prepare and submit any tax returns for the Receivership as the Receiver determines to be necessary or appropriate.

10. <u>Jurisdiction</u>. This Court shall retain jurisdiction over any and all matters relating to the Receiver and the Receivership, including any matters relating to the distribution of funds received by the Receiver in connection with the obligations of the Receiver or otherwise received after the Receivership is closed.  To the extent that any dispute arises concerning the administration of the Receivership or to the extent that any person or entity seeks to pursue or assert any claim or action against the Receiver or any agent, employee, member, officer, independent contractor, attorney or representative of the Receiver, arising out of or related to this Receivership, the Court shall retain jurisdiction to hear and resolve any such dispute or claim.

11. The Receivership shall be deemed closed and terminated upon the entry of

the Order.

IT IS SO ORDERED, this 5th day of January, 2017.

**/s/Thomas W. Thrash**
Judge Thomas W. Thrash
United States District Court
Northern District of Georgia, Atlanta
Division

6